# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

NORTH STAR MUTUAL INSURANCE
COMPANY,

    Plaintiff,

v.

CINDY STREETER, and
SPECIALIZED LOAN SERVICING, LLC,

    Defendants.

Case No. **16-CIV-301-RAW**

## ORDER

    Before the court is Plaintiff's Motion for Summary Judgment [Docket No. 17]. The complaint in this matter was filed on July 7, 2016 [Docket No. 3]. On November 15, 2016, the Clerk of the Court entered Default against Defendants Cindy Streeter and Specialized Loan Servicing, LLC [Docket No. 16]. Plaintiff requests the court enter judgement against the Defendants pursuant to F.R.Cv.P. 56. Both Defendants have failed to answer the complaint or respond to the instant motion.

    Plaintiff issued a Homeowners Policy to Defendant Streeter ("Streeter") in December 2015. The policy period was from December 28, 2015 to December 28, 2016. A premium was due on May 31, 2016, but was not paid by Streeter. An invoice for the premium was mailed to Streeter on or about May 13, 2016. A letter was mailed to Streeter on or about June 7, 2016, stating that the policy would cease to be effective at 12:01 a.m.

1

(CST) on June 20, 2016, unless the premium was received by that date. Plaintiff did not timely receive the premium payment. Plaintiff deemed the policy canceled on June 20, 2016.

Unfortunately, a fire occurred on the premises on or about June 24, 2016 and Streeter submitted a fire loss claim to Plaintiff. On June 28, 2016, Plaintiff received a check from Streeter dated June 21, 2016. The payment was fully refunded to Streeter.

During all relevant times herein, Defendant Specialized Loan Servicing, LLC ("Specialized") held a mortgage or other security interest in the subject property. Specialized received notice of the June 7, 2016 correspondence to Streeter, but Specialized took no action to maintain coverage or pay the policy premium.

As previously stated, both Defendants failed to answer the complaint or respond to the pending motion for summary judgment. Rule 8 of the Federal Rules of Civil Procedures states: "An allegation … is admitted if a responsive pleading is required and the allegation is not denied." F.R.Cv.P. 8(b)(6). Additionally,

> By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually. Fed.R.Civ.P. 8(d) ("Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading.").

Burlington N. R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996).

In a declaratory action, however, after default has been entered (as in this case), a court must construe the undisputed facts along with the policy language before granting relief:

2

> The failure of the defendant to appear and answer in a declaratory judgment proceeding may constitute an admission on the part of the defendant of all material facts pleaded, but the court must, nevertheless, proceed to construe such facts or instruments set out therein and enter judgment thereon, in order to comply with the meaning and purpose of the Act. It does not entitle the petitioner to a judgment based on his construction of the law applicable to such facts. 26 C.J.S. Declaratory Judgments § 158; 16 Am.Jur., Declaratory Judgments, § 68; Central Oregon Irr. Dist. v. Deschutes County et al. 168 Or. 493, 124 P.2d 518; Hurley v. Hurley, 298 Ky. 178, 182 S.W.2d 652; Prudential Ins. Co. of America v. Rader, D.C., 98 F.Supp. 44.

*Hall v. Hartley,* 119 S.E.2d 759, 762, 146 W.Va. 328, 332-3 (1961).

The court has considered the applicable case law as to whether Plaintiff effectively canceled Streeter's policy for failure to pay the premium. Plaintiff gave notice of the policy cancellation that was clear and unequivocal after Streeter's failure to pay by the due date. *See Equity Ins. Co. v. City of Jenks*, 184 P.3d 541, 544-45. *See also, Bufogle v. Equity Ins. Co.,* 525 Fed.Appx. 802 (10th Cir. 2013). Streeter was notified that the premium payment was due by May 31, 2016. On June 7, 2016, Plaintiff sent a letter to Streeter clearly stating that the policy would cease to be effective unless payment was received by June 20, 2016 at 12:01 a.m. Payment was not received by the required date prior to cancellation of the policy. The court, therefore, declares that the policy was effectively cancelled on June 20, 2016 due to non-payment of the premium.

Additionally, Plaintiff provided notice to Specialized on June 7, 2016 that the policy premium had not been paid. Specialized failed to take any action to maintain coverage or pay the premium. Due to Specialized's failure, the declaratory judgment is binding on Specialized for the same reasons stated above. *See Penn-America Ins. Co. v. Zertuche,*

770 F.Supp.2d 832, 847 (W.D. Tex. 201) (finding policy properly canceled for non-payment of premium where proper notice given to insured and mortgage company).

## CONCLUSION

Plaintiff's Motion for Summary Judgment [Docket No. 17] is GRANTED. As specified above, the court finds that the homeowner's policy was properly canceled for non-payment of the premium, that Plaintiff owed no duty to indemnify Defendant Cindy Streeter for the property loss that occurred on or about June 24, 2016, and that declaratory judgment is binding on both Defendant Cindy Streeter and Defendant Specialized Loan Servicing, LLC.

Dated this 17th day of January, 2017.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA